IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION

DANNY JOE GIPSON                                                                                            PLAINTIFF

        v.                         Civil No. 4:11-cv-04064

SHERIFF STOVALL;
WARDEN WARREN BRAZIL;
SGT. WELCH; and DET. WESLEY
PENNY                                                                                                         DEFENDANTS

## REPORT AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE

Plaintiff Danny Gipson originally filed this case *pro se* pursuant to 42 U.S.C. § 1983 on July 11, 2011. ECF No. 1. Now before the Court is Plaintiff's failure to comply with the Court's orders and local rules, and to prosecute this case.

Pursuant to the provisions of 28 U.S.C. § 636(b)(1) and (3)(2011), the Honorable Susan O. Hickey, United States District Judge, referred this case to the undersigned for the purpose of making a report and recommendation. After careful consideration, the undersigned makes the following Report and Recommendation.

**I.      BACKGROUND**

At the time he filed his Complaint, Plaintiff was an inmate of the Miller County Detention Center ("MCDC") in Texarkana, Arkansas. The Court is unaware of Plaintiff's current residence.

In Plaintiff's Complaint he alleges he was arrested on false charges, and imprisoned for over sixty days without charges and without appointed counsel. ECF No. 1, p. 6. On July 11, 2011, the Court advised Plaintiff that failure to inform the Court of any change of address may

1

result in the dismissal of this case. ECF No. 3.

On September 13, 2011, the Court received a change of address notification from Plaintiff changing his address to the Bi-State Detention Center. ECF No. 5. On May 2, 2012, Plaintiff notified the Court he was again incarcerated at the MCDC. ECF No. 15. On May 23 and 24, 2012, the Court received mail sent to Plaintiff at the MCDC returned as undeliverable. Plaintiff has not inform the Court of a new address, and he has not communicated with the Court since May 2012.

## II.     APPLICABLE LAW

While *pro se* pleadings are to be construed liberally, a *pro se* litigant is not excused from complying with substantive and procedural law. *Burgs v. Sissel*, 745 F.2d 526, 528 (8th Cir. 1984). Local Rule 5.5(c)(2) states in pertinent part:

> It is the duty of any party not represented by counsel to promptly notify the Clerk and the other parties to the proceedings of any change in his or her address, to monitor the progress of the case, and to prosecute or defend the action diligently . . . If any communication from the Court to a *pro se* plaintiff is not responded to within thirty (30) days, the case may be dismissed without prejudice. Any party proceeding *pro se* shall be expected to be familiar with and follow the Federal Rules of Civil Procedure.

Local Rule 5.5(c)(2).

Additionally, the Federal Rules of Civil Procedure also specifically contemplate dismissal of a case with prejudice on the grounds the plaintiff failed to prosecute or failed to comply with orders of the court. Fed. R. Civ. P. 41(b); *Link v. Wabash R.R. Co.,* 370 U.S. 626, 630–31 (1962) (the district court posses the power to dismiss *sua sponte* under Rule 41(b)). Pursuant to Rule 41(b), a district court has the power to dismiss an action based on "the plaintiff's failure to comply with *any* court order," and such a dismissal may be with prejudice if there has been "'a clear record of delay or contumacious conduct by the plaintiff.'" *Brown v. Frey,* 806 F.2d 801, 803–04 (8th

2

Cir. 1986) (quoting *Haley v. Kansas City Star,* 761 F.2d 489, 491 (8th Cir. 1985)) (emphasis added). Dismissal with prejudice is an extreme sanction, and only to be used in cases of "willful disobedience of a court order" or "where a litigant exhibits a pattern of intentional dely." *Hunt v. City of Minneapolis,* 203 F.3d 524, 527 (8th Cir. 2000). The Court does not, however, need to find that Plaintiff acted in bad faith, but "only that he acted intentionally as opposed to accidentally or involuntarily." *Id.* (quoting *Rodgers v. Univ. of Missouri,* 135 F.3d 1216, 1219 (8th Cir. 1998)).

## III. DISCUSSION

Plaintiff has failed to comply with the Court's July 11, 2011 Order to keep the Court informed of his current address. ECF No. 3. Further, Plaintiff has failed to comply with Local Rule 5.5(c)(2) by failing to keep the Court informed of his current address. Lastly, Plaintiff has failed to prosecute this case, and has not made a filing in this case in approximately a year.

While Federal Rule of Civil Procedure 41(b) does contemplate dismissal with prejudice for willful disobedience of Court orders, the Court does not find that such a harsh sanction is warranted in this case. Therefore, the Court recommends Plaintiff's complaint be dismissed without prejudice. *See Hunt,* 203 F.3d at 527.

Accordingly, Plaintiff's Complaint should be dismissed without prejudice for failure to comply with the Court's Local Rules and Orders and failure to prosecute this action. *See* Local Rule 5.5(c)(2); Fed. R. Civ. P. 41(b).

## IV. CONCLUSION

For the foregoing reasons, I recommend Plaintiff's Complaint (ECF No. 1) be **DISMISSED** without prejudice on the grounds that Plaintiff has failed to comply with the Local Rules and the Court's Orders and failed to prosecute this action.

**The parties have fourteen days from receipt of the Report and Recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1). The failure to file timely objections may result in waiver of the right to appeal questions of fact. The parties are reminded that objections must be both timely and specific to trigger de novo review by the district court.**

**DATED** this **6th day of May 2013.**

　　　　　　　　　　　　　　　　　　　/s/ Barry A. Bryant
　　　　　　　　　　　　　　　　　　　HON. BARRY A. BRYANT
　　　　　　　　　　　　　　　　　　　UNITED STATES MAGISTRATE JUDGE